UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:08CV197-3-MU
(3:01CR189-4-MU)

| CHAD ERIC SIMPSON, | ) |
|---|---|
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )  **O R D E R** |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |
| | ) |

**THIS MATTER** is before the Court on Petitioner's Motion For Reconsideration pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, filed May 22, 2008 (Document No. 4.) Rule 59(e) states that "[a]ny motion to alter or amend a judgment shall be filed no later than 10 days after entry of judgment." In this case, this Court denied Petitioner's Motion to Vacate on May 7, 2008 (Document No. 2.) Petitioner signed and dated the instant motion on May 16, 2008 and it was filed in the Clerk's Office on May 22, 2008. The Court will allow that Petitioner's motion was filed within the 10 day period allowed by Rule 59(e).

### 1. FACTUAL AND PROCEDURAL BACKGROUND

This Court relies of the facts as stated in its prior Order dismissing Petitioner's Motion to Vacate (Document No. 2.) In his Motion to Vacate, Petitioner claimed he was subjected to ineffective assistance of counsel in that his attorney was ineffective for failing to effectively argue against improper Guideline enhancements and because she was unprepared to submit comparative sentences of Petitioner's co-defendants at his sentencing hearing.

1

**ANALYSIS**

Although Rule 59(e) does not provide any standard specifying when the grant of such a motion is appropriate, the Fourth Circuit has recognized three alternative grounds: (1) "'to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice.'" Clapper v. Chesapeake Conference of Seventh-Day Adventists, 166 F.3d 1208 (4th Cir. 1998) (unpublished decision) quoting Pacific Ins. Co. V. American Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998). "The Rule 59 Motion may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." Id., quoting 11 Wright, Miller and Kane, Federal Practice and Procedure § 2810.1 at 127-28 (2d ed. 1995).

None of these avenues of relief is apposite here, since none arises naturally from the contentions made in Petitioner's motion. Petitioner has not cited an intervening change in the law, new evidence not previously available, or a clear error of law. Rather, by filing this Motion, Petitioner essentially seeks reconsideration of his Motion to Vacate filed pursuant to 28 U.S.C. § 2255, which, as stated above, this Court denied by Order dated May 7, 2008.

Petitioner seeks to have this Court reconsider the claims he raised in his Motion to Vacate. Petitioner disagrees with the legal conclusions made by this Court and is now attempting to have this Court relitigate these claims directly attacking his conviction and sentence. This is generally not permitted and is considered to be a successive petition. A successive petition is available only in limited circumstances and while Petitioner names his Motion a Rule 59(e) Motion to Alter or Amend, courts must not allow prisoners to circumvent these limited circumstances by attaching

labels other than "successive application" to their pleadings. Calderon v. Thompson, 523 U.S. 538, 553 (1998). The Fourth Circuit has instructed that while there "may be no infallible test" for distinguishing between a proper motion to reconsider from a successive petition, "a relatively straightforward guide is that a motion directly attacking the prisoner's conviction or sentence will usually amount to a successive petition."[1] United States v. Winestock, 340 F.3d 200, 207 (4th Cir. 2003). Further, "new legal arguments or proffers of additional evidence will usually signify that the prisoner is not seeking relief available [pursuant to a proper motion fro reconsideration] but instead continuing his collateral attack of his conviction or sentence.[2] However, an example of a proper

---

[1] The Court is aware that at least one circuit, has concluded that Rule 59 motions are not subject to the statutory limitations on successive collateral attacks on criminal judgments. Curry v. United States, 307 F.3d 664 (7th Cir. 2002). However, several other courts have reached the opposite conclusion. See United States v. Bovie, 28 Fed. App'x. 734 (10th Cir. 2001) ("We see no distinction between the Rule 60(b)(6) motions in those cases and the Rule 59(e) motion filed by Mr. Bovie here: for purposes of successive petition analysis); Peterson v. Brennan, 2004 WL 1505253, n. 9 (E.D. Pa. June 15, 2004) (noting that both Rule 59(e) and Rule 60(b) trigger the AEDPA limitation on successive petitioner); United States v. Culp, 2001 WL 789417 (D. Kan. May 3, 2001) (construing post-judgment Rule 59(e) motion as a second § 2255 petitioner under AEDPA); Bisaccia v. United States, 2000 WL 1677747 (E.D.N.Y. September 18, 2000) ("Rule 59 is no more available than Rule 60 as a vehicle for circumventing the statutory bar to successive § 2255 petitions"); Alley v. Bell, 101 F.Supp2d 588, 669 (W.D.Tenn. 2000) (where Rule 59(e) motion reiterates claims previously rejected, its character places it within the category of cases proscribed by successive petition doctrine); United States v. Anderson, 1998 WL 512991 (E.D.La. August 14, 1998) (construing Rule 59(e) motions as a second § 2255 petition.) Indeed, the Fourth Circuit seems to have rejected an across the board rule and instead requires courts to examine the substance of the particular motion to reconsider in order to determine whether it is actually equivalent to a successive petition. United States v. Winestock, 340 F.3d 200, 206-07 (4th Cir. 2003) (holding that district court must examine motions to reconsider in collateral review cases to determine whether they are tantamount to successive application).

[2] The Court notes that Petitioner's original ineffective assistance of counsel claims raised in his Motion to Vacate were conclusory in that Petitioner did not specify which sentencing enhancements were improper or why they were improper. In the instant motion, Petitioner provides additional evidence regarding his claim of ineffective assistance of counsel that was not included in his Motion to Vacate. However, the new information should have been fleshed out in his Motion to Vacate and in any event, does not alter the Court's analysis.

3

motion for reconsideration, in the habeas context, is an allegation that government agents perpetrated a fraud on the court during the collateral review proceedings. United States v. Winestock, 340 F.3d 200, 207 (4th Cir. 2003) (Petitioner's motion for reconsideration arguing that (1) the court erred in refusing to apply Apprendi retroactively, (2) his appellate lawyer provided ineffective assistance of counsel in failing to raise his Apprendi claims, and (3) his lawyer performed deficiently in failing to disclose that he had been imprisoned and disbarred, was a successive petition over which the district court had no jurisdiction).

Here, Petitioner is clearly continuing to attack his sentence and conviction and therefore, this Court will construe his Motion as a successive petition. The Antiterrorism and Effective Death Penalty Act requires that a "second or successive motion must be certified . . . by a panel of the appropriate court of appeals . . ." before it can be filed in the District Court. Id. "Before a second or successive application [for habeas corpus] is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244 (b)(3)(A). Thus, this Court may not consider the merits of Petitioner's claims in his motion to reconsider because he failed to first certify his motion with the Fourth Circuit Court of Appeals before filing it in the District Court.

**THEREFORE, IT IS HEREBY ORDERED** that Petitioner's Motion for Reconsideration is dismissed because it is a successive petitioner filed without authorization by the Fourth Circuit Court of Appeals.

**SO ORDERED**.

Signed: May 29, 2008

Graham C. Mullen
United States District Judge